IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERKINELMER, INC., et al., | No. C-13-1602 MMC |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; VACATING HEARING** |
| v. | |
| BRUKER CORPORATION, et al., | |
| Defendants. | |

Before the Court is defendants' "Partial Motion to Dismiss Plaintiffs' Amended Complaint," filed June 18, 2013, by which defendants seek dismissal of all claims alleging patent infringement, specifically, Counts IV and XII. Plaintiffs have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for August 2, 2013, and rules as follows.

Defendants argue plaintiffs' infringement claims are barred by the doctrine of claim preclusion. In particular, defendants argue, Counts IV through XII are barred by the stipulated dismissal with prejudice entered in 2011 in Caliper Life Sciences, Inc. v. CareStream Health, Inc., CV 4:10-cv-02079-PJH, as part of the settlement resolving said prior action.

1        Claim preclusion is applicable where "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." See Acumed LLC v. Stryker Corp., 525 F.3d 1319, 1323 (Fed. Cir. 2008) (internal quotation and citation omitted). In the present case, assuming defendants have established the first and third elements, defendants have not established the second. Where, as here, the claims in the second action are based solely on conduct occurring after the dismissal of the prior action (see Amended Complaint ¶¶ 2, 33-41), the doctrine of claim preclusion is not implicated. See Aspex Eyewear, Inc. v. Marchon Eyeware, Inc., 672 F.3d 1335, 1342-44 (Fed. Cir. 2012) (applying "well-settled principle[ ]" that plaintiff is "ordinarily not barred by a prior judgment from seeking relief for discrete tortious action by the same tortfeasor that occurs subsequent to the original action"; holding claims in new action not barred where products at issue therein "were made or sold after the time of the previous lawsuits").

       In an effort to distinguish Aspex, defendants endeavor to create a dichotomy, specifically, what they characterize as "adjudged infringer cases" (see Reply at 2:15-3:6, 3:26-28 (citing Aspex)) and "non-infringer cases" (see id. at 2:10-15, 2:23-25) (citing Nystrom v. Trex Co., 580 F.3d 1281 (Fed. Cir. 2009)), to which latter category defendants assign the present action. For purposes of the instant analysis, however, the relevant distinction is, as discussed above, the timing of the conduct on which the first action as compared to the second action is based, see Aspex, 672 F.3d at 1342-43, and, in addition, the distinction between claim preclusion and issue preclusion, see id. at 1343-44 (explaining Nystrom "applied the doctrine generally referred to as collateral estoppel or issue preclusion," and, consequently, was "of no help" to party relying on claim preclusion; noting issue preclusion applies where party who "lost on [an] issue" in prior case attempts to "relitigate that issue in a later case"). Indeed, Aspex itself concerned, and the holding in Aspex made no distinction between, two separate defendants – one, in defendants' terms, an adjudged infringer, and one who, like defendants here, had settled the prior action. See

2

id. at 1339.[1]

Finally, to the extent defendants contend the language of the above-referenced settlement agreement bars the instant infringement claims, defendants' argument likewise is unavailing. Although parties to a settlement agreement "can determine for themselves what preclusive effect the settlement of the first action will have as to any potential subsequent actions between the parties," see id. at 1345, any "decision to depart from the normal rules of claim preclusion by agreement must be express," see id. at 1346 (internal quotation and citation omitted). Here, the settlement agreement includes no language that expressly precludes plaintiffs from filing an infringement action based on conduct occurring after the dismissal of the prior action, and defendants cite no authority for their argument that the inclusion in a settlement agreement of a term designed to guard against future infringement will preclude a future infringement claim even where such term fails to serve the desired purpose.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss Counts IV through XII is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 30, 2013

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] The Court finds unpersuasive defendants' effort to equate the settling defendant in Aspex with an adjudged infringer. (See Reply at 5:12-18.) The Court similarly finds unpersuasive defendants' argument that "[t]he holding in the Aspex case rested on the unfairness of allowing a defendant found liable of infringement to thereafter continue its infringement without further liability." (See Mot. at 11:2-7.) The language in Aspex on which defendants rely appears in the context of the Aspex court's rejection of one of the arguments made by the two defendants, specifically, that, to avoid claim preclusion, a prevailing party in an earlier action must seek in that action an injunction against future infringement. See Aspex, 672 F.3d at 1344. Nothing in Aspex suggests such policy considerations should be interpreted in any manner to narrow the general holding made therein, i.e., that "[i]f the claim did not exist at the time of the earlier action, it could not have been asserted in that action and is not barred by res judicata." See id. at 1342.